IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| PENN-AMERICA INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 7:22-cv-00157 |
| ZENITH SECURITY, LLC, LUMIO HX, INC. AS SUCCESSOR IN INTEREST TO ZENITH SOLAR, LLC, GOODLEAP, LLC D/B/A LOANPAL, SETH CUMMINGS AND RICKY WILLIAMS | § § § § § § § | Jury |
| Defendants. | | |

## ORIGINAL COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Penn-America Insurance Company ("Penn-America") files this Original Complaint for Declaratory Relief and respectfully shows as follows:

## I.
## PARTIES

1.      Plaintiff Penn-America Insurance Company is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business in Pennsylvania. Penn-America is, therefore, a citizen of the State of Pennsylvania.

2.      Defendant Zenith Security, LLC ("Zenith Security") is an Idaho limited liability company, the sole member of which is Oscar Luna who is an individual citizen and resident of the State of Idaho.  Zenith Security is, therefore, a citizen of the State of Idaho.  Zenith Security may be served through its registered agent, John Bankhead, at 7008 Four Sixes Ranch Road, Odessa, Texas 79765, or Sara L. Getzfrid, 3006 Mulberry Lane, Rowlett, Texas, 75088.

3.      Defendant Lumio HX, Inc. ("Lumio") is the successor in interest to Zenith Solar, LLC ("Zenith Solar").  Lumio is a Delaware corporation with its principal place of business in Roseville, California.  Lumio is, therefore, a citizen of the State of California. Lumio may be served through its registered agent, CT Corporation System, 1999 Bryan St. Suite 900, Dallas, Texas, 75201.

4.      Defendant Seth Cummings is an individual resident of Midland, Texas, and is, therefore, a citizen of the State of Texas.  Seth Cummings may be served at 4200 Downing Avenue, Midland, Texas 79707, or wherever he may be found.

5.      Defendant Ricky Williams is an individual resident of Coleman County, Texas, and is, therefore, a citizen of the State of Texas.  Ricky Williams may be served at 1001 Harmes Road, Coleman, Texas, 76834, or wherever he may be found.

6.      Defendant Goodleap, LLC ("Goodleap") is the successor in interest to Paramount Equity Mortgage, LLC and Loanpal, LLC.  Goodleap is a California limited liability company the sole member of which is Paramount GR Holdings, LLC.  The members of Paramount GR Holdings, LLC are Bernard Hayes and Paul Stephan, who are both individual citizens and residents of the State of California.  Goodleap is, therefore, a citizen of the State of California. Goodleap may be served through its registered agent, CT Corporation System, 1999 Bryan St. Suite 900, Dallas, Texas, 75201.

## II.
## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship exists between the parties and the amount in controversy exceeds the minimum jurisdictional amount.  The citizenship of Penn-America is completely diverse from the citizenship of the Defendants in this suit.  Penn-America is a citizen of the State

ORIGINAL COMPLAINT FOR DECLARATORY RELIEF -- Page 2

of Pennsylvania.  Zenith Security is a citizen of the State of Idaho.  Lumio is a citizen on the State of California.  Goodleap is a citizen of the State of California and Cummings and Williams are citizens of the State of Texas. No defendant is a citizen or resident of Pennsylvania and complete diversity exists between Penn-America and Defendants.  The amount in controversy exceeds $75,000.00, excluding interest and costs. The allegations in the Plaintiff's Original Petition in the below described Cummings Action alone seek damages in excess of $200,000, along with statutory penalties, interest, fees and costs.

8.     This is an action for declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201-2202.  An actual and substantial controversy exists between the parties.  Lumio, as the alleged successor to Zenith Solar, seeks coverage under an insurance policy issued by Penn-America to Zenith Security.   By this action, Penn-America seeks a declaration that it does not owe a duty to defend or to indemnify Zenith Solar in connection with two underlying lawsuits, one styled *Seth Cummings v. Zenith Solar, LLC, d/b/a Deca Solar, Camacho Electric, LLC and Paramount Equity Mortgage, LLC d/b/a Loanpal* pending in the County Court at Law, Midland County, Texas  (the "Cummings Action"), and a second styled *Ricky Williams v. Zenith Solar, LLC* pending in the 42nd Judicial District Court, Coleman County, Texas (the "Williams Action").  The Cummings Action and the Williams Action are referred to collectively herein as the "Underlying Actions".  In addition, Penn-America seeks a declaration that it does not owe a duty to defend or to indemnify Goodleap in connection with the Cummings Action.

9.     Cummings filed his Plaintiff's Original Petition and Request for Disclosures in the Cummings Action on March 2, 2022, a true and correct copy of which is attached hereto as <u>Exhibit "A"</u>.  Cummings alleges that he entered into a contract with Zenith Solar for the installation of

solar panels on his property.  He further alleges that Zenith Solar made various misrepresentations that his roof was appropriate for solar panel installation and that he would be entitled to tax benefits for having solar panels on his roof. According to Cummings, the panels were not installed properly, causing damage to his roof.  Further, Cummings alleges that he was offered third-party financing for the installation and entered into a loan agreement with Loanpal for the full contract amount pursuant to which Loanpal and/or Zenith Solar are inappropriately attempting to collect tax refunds or tax credits from Cummings. Cummings asserts causes of action for breach of contract, negligent misrepresentation, common-law fraud, violations of the Texas Deceptive Trade Practices Consumer Protection Act, and breach of implied and express warranties.

10.     Ricky Williams filed his Plaintiff's Original Petition in the Williams Action on April 25, 2022, a true and correct copy of which is attached hereto as Exhibit "B". William asserts a claims against Zenith Solar under the Texas Deceptive Trade Practice Consumer Protection Act seeking damages, statutory penalties, interest and attorney's fees.  Williams alleges that he entered into a contract with Zenith Solar for the installation of solar panels on his property.  Williams further alleges that damage was caused to his property, that the panels are not functioning as promised, and that the installation was not performed in accordance with the contract or as promised by Zenith Solar. He further alleges that he entered into a third-party financing contract and is making payments for the panels that do not work and that he has been left with damage to his property due to errors in the installation process.

11.     Venue is proper in the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this case occurred in this District and Defendant Cummings resides in this District and Division.

### III.
### <u>FACTUAL BACKGROUND</u>

**A.  THE PENN-AMERICA POLICY**

12.      Penn-America issued an insurance policy, Policy No. PAV024563, to "Zenith Security, LLC" as the Named Insured effective April 12, 2020 to April 12, 2021, (hereinafter the "Policy").  A true and correct copy of the Policy with premium information redacted is attached hereto as <u>Exhibit "C"</u>.  Item 4. of the Declarations of the Policy provides that the BUSINESS DESCRIPTION for the Named Insured is "INSTALLS HOME & BUSINESS SECURITY ALARMS".  The Policy contains a commercial general liability coverage part, which is the only potentially applicable coverage for allegations of the type asserted in the Underlying Lawsuits.

13.      The Policy provides in pertinent part as follows:

### COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy.  The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABLITY**

1.  **Insuring Agreement**
    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

    b.  This insurance applies to "bodily injury" and "property damage" only if:
        (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
        (2) The "bodily injury" or "property damage" occurs during the policy period; and

\*\*\*

2.  **Exclusions**

ORIGINAL COMPLAINT FOR DECLARATORY RELIEF -- Page 5

This insurance does not apply to:

…..

    **b.**  **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages:

…..

    **(2)**  Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contact or agreement.

…..

    **j.**  **Damage to Property**

"Property damage" to:

    **(5)**  That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

    **(6)**  That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

    **k.**  **Damage to Your Product**

"Property damage" to "your product" arising out of it or any part of it.

    **l.**  **Damage to Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

\*\*\*

## SECTION II – WHO IS AN INSURED

**1.**  If you are designated in the Declarations as:

…..

    **c.**  A limited liability company, you are an insured.  Your members are also insureds, but only with respect to the conduct of your business.  Your managers are insureds, but only with respect to their duties as your managers.

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

\*\*\*

## SECTION V – DEFINITIONS

**13.** "Occurrence" means an accident including continuous or repeated exposure to substantially the same general harmful conditions.

…..

**17.** "Property damage" means:

…..

    **a.**  Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.  Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

**21**. "Your product":

    **a.** Means:

        **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

            **(a)** You;

            **(b)** Others trading under your name; or

            **(c)** A person or organization whose business or assets you have acquired; and

    **b.** Includes:

        **(1)**  Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

**22.** "Your work":

    **a.** Means:

        **(1)**  Work or operations performed by you or on your behalf; and

        **(2)** Materials, parts or equipment furnished in connection with such work or operations.

    **b.** Includes:

        **(1)**  Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

        (2) Materials, parts or equipment furnished in connection with such work or operations.

14.    The Policy also contains the following endorsements:

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY

# LIMITATIONS OF COVERAGE TO DESIGNATED CLASSIFICATIONS OF OPERATIONS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABLITY COVERAGE PART
COMMERCIAL UMBRELLA LIABILITY COVERAGE PARTY

This insurance applies only to "bodily injury," "property damage," "personal injury," "advertising injury" and medical expenses arising out of only those operations designated, listed and described in the Declarations, under 4. CLASSIFICATION.

# EXCLUSION – DESIGNATED WORK

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABLITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

### SCHEDULE

Description of your work:

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of "your work" shown in the Schedule.

# TEXAS CHANGES –
# AMENDMENT OF INSURED CONTRACT DEFINITION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABLITY COVERAGE PART

**A.**      Except for any provision of a construction contract subject to Tex. Ins. Code § 151.102, Paragraph 9. Of the Definitions Section is replaced by the following:
**9.** "Insured contract" means:

**f.**      That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused, in whole or in part, by you or by those acting on your behalf. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

**B.**      With respect to any provision of a construction contract subject to Tex. Ins. Code § 151.102, Paragraph **9**. Of the **Definitions** Section is replaced by the following:
**9.** "Insured contract" means:

**f.**     That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, but only to the extent that the "bodily injury" or "property damage" is caused by your acts or omissions or by the acts or omissions of those acting on your behalf. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

### ROOFING OPERATIONS – TOTAL EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABLITY COVERAGE FORM

    **A.**     The following is added to Paragraph 2. Exclusions of SECTION I – COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABLITY and COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABIILTY:

    **Roofing Operations**
This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" arising out of "roofing operations".

    **B.**     The following is added to **SECTION V – DEFINITIONS**
"Roofing operations" means any work involving in whole or in part, the repair, removal, replacement, recovering or installation of a new or existing roof, or any part or section thereof.  "Roofing operations" including any type of work being performed that alters a roof in some manner.

### B.     TENDERS TO PENN-AMERICA AND DENIALS OF COVERAGE

15.     Lumio as successor to Zenith Solar, requested that Penn-America defend and indemnify Zenith Solar in the Underlying Actions.  In response to a demand for defense and indemnity from Goodleap, Lumio also tendered the claims against Goodleap in the Cummings Action to Penn-America.  Goodleap seeks defense and indemnity from Lumio, as successor to Zenith Solar, based upon the terms of a Loanpal Solar/Storage Financing Program Agreement between Loanpal, LLC and Zenith Security.  A true and correct copy of the Goodleap tender is attached hereto as Exhibit "D".  By letters dated July 7, 2022, Penn-America advised Lumio and Zenith Security that the Policy did not provide coverage for the claims asserted in the Underlying

Actions.

### C. THE POLICY PROVIDES NO COVERAGE FOR THE UNDERLYING ACTIONS

16.     The Policy provides no coverage for the claims asserted in the Underlying Actions. The Underlying Actions name Zenith Solar as a defendant, and the allegations in the Underlying Actions are asserted against Zenith Solar. The Named Insured under the Policy, Zenith Security, is not named as a defendant in the Underlying Actions.  There is no coverage under the Policy for, and no duty to defend or to indemnify, a limited liability company that is not a Named Insured under the Policy.  SECTION II-WHO IS AN INSURED in the Policy specifically provides that no person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or <u>limited liability company</u> that is not shown as a Named Insured in the Declarations.  Thus, there is no coverage for the claims against Zenith Solar in the Underlying Actions.  Of course, there also is no duty to defend or indemnify Zenith Security in the Underlying Actions because Zenith Security is not a defendant in those lawsuits.

17.     In addition, separate and apart from the fact that Zenith Security is not a defendant and Zenith Solar is not a Named Insured under the Policy, coverage under the Policy is specifically limited to "property damage" arising out of only those operations designated, listed and described in the Policy Declarations.  The Policy Declarations do not include operations involving the installation of solar panels, as alleged in the Underlying Actions. Thus, for this additional reason, there is no coverage for the claims against Zenith Solar.

18.     In addition, as noted above, the Cummings Lawsuit also involves claims against the predecessor of Goodleap, Paramount Equity Mortgage, LLC d/b/a Loanpal.  Goodleap tendered the claims in the Cummings Action to Lumio, and Lumio, in turn, tendered those claims to Penn-America for defense and indemnity under the Policy.  Goodleap's tender (and any claim

for coverage under the Policy) is based on the provisions of the Zenith Installation Agreement between Zenith Solar and Cummings (See Exhibit "A") and the Loanpal Solar/Storage Financing Program Agreement (see Exhibit "D").

19.    The above referenced WHO IS AN INSURED section of the Policy, does not include Goodleap, Paramount Equity Mortgage, LLC or Loanpal as an insured.  The Policy does not contain a blanket additional insured endorsement or similar endorsement providing additional insured coverage to these entities.  Thus, there is no provision in the Policy pursuant to which Goodleap, Paramount Equity Mortgage, LLC or Loanpal would qualify as an insured under the Policy.  As a result, there is no obligation on the part of Penn-America to provide a defense or indemnity to Goodleap in connection with the Cummings Action.

20.    In addition, the Contractual Liability exclusion quoted above excludes from coverage any property damage for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion further provides that it does not apply to liability for damages assumed in a contract or agreement that is an "insured contract" provided that property damage occurs subsequent to the execution of the contract or agreement. However, this exception to the applicable Contractual Liability exclusion is not applicable here because the contract under which Zenith Solar or Zenith Security are allegedly obligated to defend and indemnity Goodleap does not fall within the definition of "insured contract" set forth in the Policy.

21.    As set forth above, an "insured contract" is defined by the Policy as one pertaining to "your business," meaning the business of the named insured, Zenith Security.  Throughout the policy the words "you" and "your" refer to the Named Insured shown in the Declarations, Zenith Security, not Zenith Solar.  The allegations in the Cummings Action clearly establish that the

alleged property damage arises from the Zenith Installation Agreement between Cummings and Zenith Solar and the business of Zenith Solar, not Zenith Security.  Accordingly, the contract purportedly forming the basis of the claim for defense and indemnity is not a contract that pertains to the Named Insured's business, and therefore, does not fall within the relevant definition of "insured contract" for purposes of the exception to the Contractual Liability exclusion in the Policy.

22.     In addition, to the extent that the allegations in the Underlying Actions seek damages for harm resulting from a Loanpal Solar/Storage Financing Program Agreement or the obligations thereunder, that alleged damage would not be covered because it would not fall within the definition of "bodily injury," "property damage," or "advertising injury," nor would it be the result of an "occurrence" as those terms are defined in the Policy.

23.     In addition, the Roofing Operations-Total Exclusion set forth above excludes property damage arising out of "roofing operations," which are defined to include any type of work being performed that alters a roof in some manner.  This exclusion is applicable to exclude any coverage for the allegations in the Underlying Actions.

24.     In addition, any damages for common-law fraud as alleged in the Cummings Action are excluded by the above referenced exclusion for expected or intended injury.

25.     Because Zenith Security is not a defendant in the Underlying Actions, and because there is no coverage provided under the Policy for Zenith Solar or Goodleap, there is no duty to defend Zenith Security, Zenith Solar or Goodleap in the Underlying Action, and for the same reasons, there can be no duty to indemnify in connection with the Underlying Actions. Penn-America is, therefore, entitled to a declaratory judgment finding that it owes no duty to defend or to indemnify Zenith Security, Zenith Solar or Goodleap in connection with the Underlying

Actions.

## IV.
## DECLARATORY RELIEF

26.     Penn-America incorporates by reference the allegations stated above.

27.     All conditions precedent to the filing and maintenance of this action and for the relief requested have occurred or have been performed.

28.     A declaratory judgment is necessary to determine the rights of the parties to this suit concerning the Policy and the Underlying Actions.

29.     Penn-America seeks a declaratory judgment by this Court that Penn-America owes no duty to defend Zenith Security, Zenith Solar or Goodleap in the Underlying Actions under the Policy or to indemnify any party in connection with any liability arising from the Underlying Actions under the Policy.

## V.
## JURY DEMAND

30.     Penn-America requests that this civil action be tried before a jury.

## VI.
## PRAYER

31.     Wherefore, Penn-America Insurance Company respectfully requests judgment as follows:

1.     A declaration that the Penn-America Policy does not provide coverage for the claims in the Underlying Actions or for any damages that could be awarded in the Underlying Actions;

2.     A declaration that Penn-America has no duty to defend, indemnify or otherwise pay any damages in connection with the Underlying Actions or the acts, omissions or incidents that are the subject thereof; and

3.     For such other and further relief in law or equity to which Penn-America Insurance Company is justly entitled.

**Dated:** July 12, 2022.

Respectfully submitted,

*/s/ Greg K. Winslett*
GREG K. WINSLETT
Attorney-In-Charge
State Bar No. 21781900
gwinslett@qslwm.com
RICHARD L. SMITH, JR.
State Bar No. 18671200
rsmith@qslwm.com
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**
**PENN-AMERICA INSURANCE**
**COMPANY**